Constantin V. Roboostoff (SBN 69328)
**ROBOOSTOFF & KALKIN**
369 Pine Street, Suite 610
San Francisco, CA 94104
Telephone (415) 732-0282
Facsimile (415) 732-0287

Attorneys for plaintiff Sara Hadassah Hoffman

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SARAH HADASSAH HOFFMAN,            )   CV Case No. 08  1811  MEJ
                                   )
           Plaintiff,              )   **COMPLAINT**
                                   )
    v.                             )
                                   )
SUTTER HEALTH,                     )
UNUM LIFE INSURANCE COMPANY        )
OF AMERICA,                        )
                                   )
           Defendants.             )

## JURISDICTION

1.    This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA, 29 U.S.C. § 1132, and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

## VENUE

2.    Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1391 (b) because one of the defendants does business in this district.

COMPLAINT

1

## PARTIES

3. At all relevant times, plaintiff SARAH HADASSAH HOFFMAN ("plaintiff") was a participant, as defined in ERISA § 3(7), 29 U.S.C. § 1002 (7), in defendant SUTTER HEALTH (the "plan"). Plaintiff resides in San Francisco, California.

4. At all relevant times, the plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). At all relevant times, the plan offered long term disability benefits to the employees of California Pacific Medical Center, including plaintiff, through an insurance policy issued by defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum") or its predecessors. The plan is named herein as a necessary party for the relief requested.

5. At all relevant times, Unum was a fiduciary of the plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). At all relevant times, Unum acted as the claims fiduciary for the plan, and exercised authority and control over the payment of long term disability benefits that are plan assets.

## FACTS

6. Prior to her disability, plaintiff worked as an operating room nurse for California Pacific Medical Center.

7. Plaintiff suffers from severe and debilitating pain, numbness, loss of strength and function in her upper extremities due to chronic neck pain and radiculopathy related to her spondylosis at C5-6 and C6-7.

8. At all relevant times, plaintiff has been unable to work in any occupation for which she is reasonably qualified because of her disability.

9. Pursuant to the Department of Labor Regulations issued under ERISA § 503, 29 U.S.C. § 1133, plaintiff submitted a claim for long term disability benefits to Unum in September 2004.

COMPLAINT

2

10. By letter dated January 21, 2005, Unum informed plaintiff that her claim for long term disability benefits under the plan was approved.

11. On March 8, 2007, Benjamin F. Parks, Administrative Law Judge, issued a decision granting plaintiff Social Security Disability benefits.

12. By letter dated April 11, 2007, Unum informed plaintiff that Unum was unable to approve her request for continued benefits under the plan on the basis that she could work as a Utilization Review Nurse, Telephonic Case Management, or Insurance Nurse Consultant.

13. By letter dated August 10, 2007, plaintiff appealed Unum's decision to terminate her benefits and requested Unum to identify, *inter alia*, the specific reasons for the denial, additional information necessary to perfect plaintiff's claim, and specific reasons why the opinions of plaintiff's treating physicians were rejected.

14. By letter dated December 17, 2007, Unum informed plaintiff that her appeal was denied and the decision to terminate her benefits was upheld, as Unum had determined that her claim is subject to the 24-month limitation contained in the plan because she is reportedly unable to engage in occupational activities due to self-reported symptoms of pain.

15. By letter dated January 17, 2008, Unum informed plaintiff that it was upholding its denial of her appeal and elaborated that the denial was consistent with the Social Security award which indicates that she is restricted in her activities due to pain, and also noted that the Social Security award confirmed that she otherwise has retained the functional capacity to perform sedentary work.

16. Plaintiff has exhausted her administrative remedies.

17. Plaintiff remains disabled and is entitled to benefits under the terms of the plan.

//
//
//

COMPLAINT

3

### FIRST CLAIM FOR RELIEF
### [Claim for Benefits Pursuant to ERISA § 502 (a) (1) (B)]

18. Plaintiff incorporates Paragraphs 1-17 as though fully set forth herein.

19. ERISA § 502 (a) (1) (B), 29 U.S.C. § 1132 (a) (1) (B), permits a participant of a plan to bring a civil action to recover benefits due to her under the terms of the plan, to enforce her rights under the terms of the plan, and /or to clarify her rights to future benefits under the terms of the plan.

20. By failing to pay plaintiff's long term disability benefit payments, defendants have violated, and continue to violate, the terms of the plan and plaintiff's rights thereunder.

### SECOND CLAIM FOR RELIEF
### [Declaratory Relief Pursuant to 28 U.S.C. § 2201 and ERISA § 502 (a) (3) ]

21. Plaintiff incorporates Paragraphs 1-17 by reference as though fully set forth herein.

22. An actual controversy exists between the parties, as follows: plaintiff contends that she is entitled to long-term disability benefits as a result of meeting the definition of disability under the terms of the plan. Plaintiff is informed and believes, and based thereon, alleges that defendants contend plaintiff does not meet the definition of disability under the terms of the plan and on that basis have denied her long term disability benefits under the plan.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays the court to enter judgment against the defendants as follows:

**As to the First Claim for Relief:**

A. Declare that defendants, and each of them, violated the terms of the plan and plaintiff's rights thereunder by failing to grant plaintiff's request for a full and fair review and pay plaintiff's long term disability benefits;

//

COMPLAINT

4

B. Order defendants, and each of them, to pay plaintiff's long term disability benefits pursuant to the terms of the plan from April 2007, through the date judgment is entered herein, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Award plaintiff prejudgment interest on all damages requested herein;

D. Award plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant to ERISA § 502 (g), 29 U.S.C. § 1132 (g); and

E. Provide such other relief as the Court deems equitable and just.

**As to Second Claim for Relief:**

A. Declare plaintiff's rights regarding the plan as follows:

    1. Declare that plaintiff is entitled to a full and fair review of her claim for long term disability benefits;

    2. Declare plaintiff's right to receive long term disability benefits payments under the terms of the plan from April 2007, through date of judgment;

    3. Declare plaintiff's right to receive future long term disability benefit payments under the terms of the plan.

B. Award plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant to ERISA § 502 (g), 29 U.S.C. § 1132 (g); and

C. Provide such other relief as the Court deems equitable and just.

Dated: April 3, 2008

ROBOOSTOFF & KALKIN

By: /s/ Constantin V. Roboostoff
Constantin V. Roboostoff
Attorneys for Plaintiff

COMPLAINT

5