1  **RIMAC MARTIN, P.C.**
   ANNA M. MARTIN - State Bar No. 154279
2  WILLIAM REILLY - State Bar No. 177550
   w_reilly@rimacmartin.com
3  1051 Divisadero Street
   San Francisco, California 94115
4  Telephone (415) 561-8440
   Facsimile (415) 561-8430
5
   Attorneys for Defendants
6  SUTTER HEALTH & UNUM LIFE INSURANCE
   COMPANY OF AMERICA
7
   Constantin Ronoostoff, State Bar No. 69328
8  **ROBOOSTOFF & KALKIN**
   A Professional Law Corporation
9  369 Pine Street, Suite 610
   San Francisco, California 94104
10 (415) 732-0282

11 Attorney for Plaintiff
   SARAH HADASSAH HOFFMAN
12

13
                    UNITED STATES DISTRICT COURT
14
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
15
                         SAN FRANCISCO DIVISION
16

17                                              **E-FILING**

18  SARAH HADASSAH HOFFMAN,           )
                                      )  CASE NO.  CV 08 1811 CRB
19         Plaintiff,                 )
                                      )  **JOINT CASE MANAGEMENT**
20     vs.                            )  **CONFERENCE STATEMENT**
                                      )
21  SUTTER HEALTH, UNUM LIFE          )  Date:  August 1, 2008
    INSURANCE COMPANY OF AMERICA,     )  Time:  8:30 a.m.
22                                    )  Ctrm:  8
           Defendants.                )
23  _____)

24        The parties in the above-captioned matter submit this Case Management Statement and
    Proposed Order, and request the Court adopt it as its Case Management Order for this case.
25
          1.   Jurisdiction and Service: The claim arises under the Employee Retirement Income
26
    Security Act of 1974, 29 U.S.C. §§ 1001, *et* seq. ("ERISA") and as such, this Court has subject
27
    matter jurisdiction of this action under 29 U.S.C. Section 1132 and 28 U.S.C. Section 1331.
28

---

-1-

**JOINT CASE MANAGEMENT STATEMENT**                          **CASE NO. CV 08 1811 CRB**

1  2.  Facts: This case relates to an employee welfare benefit plan governed by ERISA. The plaintiff, SARAH HADASSAH HOFFMAN, was an employee of Sutter Health which procured group long term disability insurance Plan ("the Plan") underwritten by UNUM Life Insurance Company of America. Plaintiff was a participant under the Plan. Plaintiff made a claim for benefits under the Plan. Benefits were paid to plaintiff that were not offset by plaintiff's deductible sources of income as provided in the Plan. Plaintiff's claim for continued benefits was denied. The principal factual issue which the parties dispute is whether plaintiff was disabled and eligible for continued benefits under the Plan's terms.

3.  Legal Issues: The standard of review to be applied in this case.

4.  Motions: If the parties do not resolve this matter through mediation, they anticipate that it will be resolved through cross-motions for summary judgment.

5.  Amendment of Pleadings: None.

6.  Evidence Preservation: The Administrative Record of the claim for benefits has been preserved and will be produced with the initial disclosures.

7.  Disclosures: The parties certify that they have made disclosures, or will have made disclosures by the date of the Case Management Conference.

8.  Discovery:  Defendants assert that no discovery is permitted as the review of the denial of plaintiff's claim for benefits must be made by the Court based on the administrative record of the claims appeal that was before UNUM at the time it concluded benefits were not payable. See *Kearney v. Standard Ins. Co.*, 175 F.3d 1084,1094-1095 (9th Cir. 1999) and *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1471-72 (9th Cir. 1993). Plaintiff disagrees and reserves her right to complete discovery as provided in *Metropolitan Life Ins.Co. v. Glenn,* No. 06-923, 2008 U.S.LEXIS 5030 (U.S.Sup.Ct. June 19, 2008); *Abatie v. Alta Health & Life Insur.Co.,* 458 F.3d 955 (9th Cir. 2006).

9.  Class Actions: Not applicable.

10.  Related Cases: None.

11.  Relief: Plaintiff seeks payment of back disability payments, plus interest attorneys' fees and costs. Further, plaintiff seeks a declaration regarding her right to receive

future long-term disability benefits under the Plan. UNUM seeks recovery of overpayments because plaintiff did not offset deductible sources of income that she received.

12. Settlement and ADR: Court ordered mediation is to be completed on or before October 20, 2008.

13. Consent to Magistrate Judge For All Purposes: UNUM's does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Not Applicable.

15. Narrowing of Issues: Not Applicable.

16. Expedited Schedule: If the parties do not resolve this matter through mediation, they anticipate that it will be resolved through cross-motions for summary judgment.

17. Scheduling: Cross-Motions for summary judgment to be filed on October 31, 2008, oppositions on November 14, 2008, replies on November 21, 2008 and hearing on December 5, 2008.

18. Trial: The matter will be resolved through cross-motions for summary judgment.

19. Disclosure of Non-party Interested Entities or Persons:

SARAH HADASSAH HOFFMAN, SUTTER HEALTH Group Long Term Disability Plan, UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUM Group.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter: None.

RIMAC & MARTIN, P.C.

DATED: July 25, 2008         By:   /s/ **WILLIAM REILLY**
                                   WILLIAM REILLY
                                   Attorneys for Defendants
                                   SUTTER HEALTH & UNUM LIFE INSURANCE
                                   COMPANY OF AMERICA

**ROBOOSTOFF & KALKIN**

Dated: July 24, 2008         By:   /s/ **CONSTANTIN ROBOOSTOFF**
                                   CONSTANTIN ROBOOSTOFF
                                   Attorneys for plaintiff