1  **RIMAC MARTIN, P.C.**
ANNA M. MARTIN - State Bar No. 154279
2  WILLIAM REILLY - State Bar No. 177550
w_reilly@rimacmartin.com
3  1051 Divisadero Street
San Francisco, California 94115
4  Telephone (415) 561-8440
Facsimile (415) 561-8430
5
Attorneys for Defendants
6  SUTTER HEALTH and UNUM LIFE INSURANCE
COMPANY OF AMERICA
7

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN FRANCISCO DIVISION**

11
                                          *E-FILING*
12  SARAH HADASSAH HOFFMAN,            )
                                       )   CASE NO.  CV 08 1811 CRB
13              Plaintiff,             )
                                       )
14      vs.                            )   **ANSWER TO COMPLAINT BY**
                                       )   **DEFENDANT UNUM LIFE**
15  SUTTER HEALTH, UNUM LIFE           )   **INSURANCE COMPANY OF**
INSURANCE COMPANY OF AMERICA,          )   **AMERICA AND COUNTER-CLAIM**
16                                     )   **FOR BREACH OF CONTRACT**
              Defendants.              )
17  _____)

18          COMES NOW defendants UNUM LIFE INSURANCE COMPANY OF AMERICA

19  ("UNUM") and SUTTER HEALTH Group Long Term Disability Plan ("the Plan") (herein

20  collectively referred to as "defendants"), and in answer to Plaintiff's Complaint for Recovery of

21  ERISA Plan Benefits and Declaratory Relief ("plaintiff's complaint"), responds, states, and avers

22  as follows:

23          1.      Answering paragraph 1 of plaintiff's complaint, defendants admit that plaintiff's

24  claim arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et*

25  *seq.* ("ERISA") and as such, this Court has subject matter jurisdiction of this action under

26  29 U.S.C. Section 1132 and 28 U.S.C. Section 1331.  Save and except as expressly admitted

27  herein, defendants deny each and every remaining allegation contained in paragraph 1 of

28  plaintiff's complaint.

1    2.    Answering paragraph 2 of plaintiff's complaint, defendants admit that venue is

2  proper.  Save and except as expressly admitted herein, defendants deny each and every remaining

3  allegation contained in paragraph 2 of plaintiff's complaint.

4    3.    Answering paragraph 3 of plaintiff's complaint, defendants admit that plaintiff

5  was a participant in defendant Sutter Health Group Long Term Disability Plan ("the Plan") for

6  some of the time, but not all of the time, alleged in plaintiff's complaint.  Save and except as

7  expressly admitted herein, defendants deny each and every remaining allegation contained in

8  paragraph 3 of plaintiff's complaint.

9    4.    Answering paragraph 4 of plaintiff's complaint, defendants admit that the Plan is

10  a group long term disability policy issued by UNUM and that it is governed by ERISA.  Save and

11  except as expressly admitted herein, defendants deny each and every remaining allegation

12  contained in paragraph 4 of plaintiff's complaint.

13    5.    Answering paragraph 5 of plaintiff's complaint, defendants admit that when

14  making a benefit determination under the policy, UNUM has discretionary authority to determine

15  eligibility for benefits and to interpret the terms and provisions of the policy.  Save and except as

16  expressly admitted herein, defendants deny each and every remaining allegation contained in

17  paragraph 5 of plaintiff's complaint.

18    6.    Answering paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 of plaintiff's

19  complaint, Defendants admit that plaintiff was a participant under the Plan subject to the terms,

20  conditions, provisions, limitations and exclusions of that Plan; that plaintiff made a claim for

21  benefits under the Plan; that benefits were paid to plaintiff and that plaintiff's claim for further

22  benefits was denied.  Further, Defendants admit that those decisions speak for themselves.

23  Further, Defendants state that this Court's review on this ERISA claim is limited to the

24  administrative record of plaintiffs' claim, all relevant facts are stated in the administrative record

25  and the administrative record and Plan speak for  themselves.  Save and except as expressly

26  admitted herein, Defendants deny each and every remaining allegation contained in paragraphs 6,

27  7, 8, 9, 10, 11, 12, 13, 14, and 15 of plaintiffs' complaint.

28  / / /

1    7.    Answering paragraph 16 of plaintiff's complaint, defendants state that plaintiff

2    sets forth a purported legal conclusion, not factual allegations.  Defendants refer all questions of

3    law to the Court.

4    8.    Answering paragraph 17 of plaintiff's complaint, defendants deny each and every

5    allegation contained in paragraph 17 of plaintiff's complaint.

6    **FIRST CLAIM FOR RELIEF**

7    **Claim for Benefits Under ERISA**

8    9.    Answering paragraph 18 of plaintiff's complaint, defendants incorporate by

9    reference paragraphs 1 through 8 above as though fully set forth herein.

10    10.    Answering paragraph 19 of plaintiff's complaint, Defendants admit that

11    ERISA provides standing to a plan participant to pursue civil actions under the specific

12    circumstance specified under ERISA.  Save and except as expressly admitted herein, Defendants

13    deny the allegations in paragraph 19 of plaintiff's complaint.

14    11.    Answering paragraph 20 of plaintiff's complaint, defendants deny each and every

15    allegation contained in paragraph 20 of plaintiff's complaint.

16    **SECOND CLAIM FOR RELIEF**

17    **Declaratory Relief**

18    12.    Answering paragraph 21 of plaintiff's complaint, defendants incorporate by

19    reference paragraphs 1 through 11 above as though fully set forth herein.

20    13.    Answering paragraph 22 of plaintiff's complaint, defendants deny each and every

21    allegation contained in paragraph 22 of plaintiff's complaint.

22    14.    Answering plaintiff's prayer for relief, as to the First Claim for Relief, paragraphs

23    A, B, C, D and E: Defendants deny each and every allegation contained in those paragraphs.

24    Further, defendants deny that plaintiff has been damaged in the amount alleged, in any amount,

25    or at all, and further denies that plaintiff is entitled to any relief whatsoever.

26    15.    Answering plaintiff's prayer for relief, as to the Second Claim for Relief,

27    paragraphs A (1), A (2), A (3) B and C:  Defendants deny each and every allegation contained in

28    those paragraphs.  Further, defendants deny that plaintiff has been damaged in the amount

1  alleged, in any amount, or at all, and further denies that plaintiff is entitled to any relief

2  whatsoever.

3  **AFFIRMATIVE DEFENSES**

4  **FIRST AFFIRMATIVE DEFENSE**

5      1.    Plaintiff's purported claims for relief fail to state facts sufficient to state a claim

6  upon which relief may be granted.

7  **SECOND AFFIRMATIVE DEFENSE**

8      2.    Plaintiff's recovery, if any, is limited by the terms, conditions, limitations,

9  exclusions and other provisions of the LTD Plan.

10  **THIRD AFFIRMATIVE DEFENSE**

11      3.    Plaintiff's claims against defendants arise solely under ERISA.  Therefore,

12  plaintiff's rights and remedies are limited solely to those afforded under ERISA.

13  **FOURTH AFFIRMATIVE DEFENSE**

14      4.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

15  **FIFTH AFFIRMATIVE DEFENSE**

16      5.    Plaintiff has failed to mitigate her alleged damages, if any.

17  **SIXTH AFFIRMATIVE DEFENSE**

18      6.    Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has

19  failed to perform all of her obligations under the LTD Plan at issue.

20  **SEVENTH AFFIRMATIVE DEFENSE**

21      7.    The decision on plaintiff's claim was neither arbitrary nor capricious.

22  **EIGHTH AFFIRMATIVE DEFENSE**

23      8.    No act or omission of defendants constitutes the proximate or legal cause of any

24  of plaintiff's damages, if any, because, amongst other things, the terms of the alleged contract of

25  insurance did not allow for payment of the claimed benefits beyond those benefits already paid.

26  **NINTH AFFIRMATIVE DEFENSE**

27      9.    Any alleged damage suffered by plaintiff was in no way caused by, or the result

28  of, any fault, act or omission by defendants, but was caused by circumstances, persons, and/or

1  entities, including plaintiff, for which and/or whom defendant is not and may not be held

2  responsible, and for which defendants cannot be held liable.

3  **TENTH AFFIRMATIVE DEFENSE**

4       10.    Plaintiff's conduct bars, estops and/or constitutes a waiver of the claims asserted

5  in plaintiff's complaint.

6  **ELEVENTH AFFIRMATIVE DEFENSE**

7       11.    Plaintiff's complaint fails to state facts sufficient to entitle plaintiff to an award of

8  attorneys' fees under ERISA.

9  **TWELFTH AFFIRMATIVE DEFENSE**

10       12.    While denying any liability to plaintiff, there is no "vesting" of benefits under the

11  policy, and any claim for benefits based on an alleged continuing disability must be supported by

12  proof of such continuing disability.  Benefits cannot be awarded prospectively.

13  **THIRTEENTH AFFIRMATIVE DEFENSE**

14       13.    Defendants allege that plaintiff is not entitled to benefits under the plan. However,

15  in the event that Plaintiff is found to be entitled to benefits under the plan, defendants allege that

16  the amount owed to Plaintiff must be reduced by the amount in benefits/income received by

17  Plaintiff from those sources of income and/or benefits specified in the plan. This includes, but is

18  not limited to, benefits received from Social Security, California State Disability, Worker's

19  Compensation, and/or any other benefit specified in the plan.

20       Defendants reserve the right to assert additional affirmative defenses should they become

21  aware of additional defenses during the course of this litigation, as set forth in Federal Rules of

22  Civil Procedure, Rule 8.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## COUNTER-CLAIM AGAINST PLAINTIFF

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") brings this Counter-Claim against SARAH HADASSAH HOFFMAN.  UNUM respectfully alleges and avers as follows:

## PARTIES

1.      UNUM Life Insurance Company of America ("UNUM"), is a corporation organized under the laws of the State of Maine and is qualified to transact intrastate business in the State of California, having its principal place of business in Portland, Maine.

2.      SARAH HADASSAH HOFFMAN ("HOFFMAN"), currently is, and at all relevant times was, a resident of California.

## FACTUAL BACKGROUND

3.      HOFFMAN was a participant in defendant Sutter Health Group Long Term Disability Plan ("the Plan").

4.      The Plan provides that amounts Plan participants received from including, but not limited to, Social Security Benefits are deductible sources of income that UNUM will subtract from gross disability payments.

5.      The Plan also provides that UNUM has the right to recover any over payments due to the receipt of deductible sources of income.

6.      HOFFMAN received disability benefits.

7.      HOFFMAN received deductible sources of income that were not subtracted from her gross disability payments that she received, and, thus, received an overpayment.

8.      HOFFMAN has failed to repay UNUM overpayments due to her receipt of deductible sources of income.

## FIRST COUNTER CLAIM FOR RELIEF

## BREACH OF CONTRACT

10.     UNUM repeats each and every allegation contained in paragraphs 1 through 9 as if fully set forth herein.

/ / /

1    11.    By the terms of both the Plan and HOFFMAN'S and UNUM'S agreements,

2  HOFFMAN promised to repay UNUM over payments due to her receipt of deductible sources of

3  income.

4    12.    HOFFMAN received deductible sources of income that were not subtracted from

5  her gross disability payments that she received, and, thus, received an overpayment.

6    13.    HOFFMAN has failed to repay UNUM over payments due to her receipt of

7  deductible sources of income.

8    **WHEREFOR**, defendants prays for judgment as follows:

9    1    That plaintiff take nothing by reason of her complaint;

10    2.    For defendants' attorneys' fees and costs of suit incurred herein; and,

11    3.    For such other and further relief as the Court deems just and proper.

12

13    **WHEREFOR**, Counter-Claimant UNUM LIFE INSURANCE COMPANY OF

14  AMERICA respectfully requests judgment against SARAH HADASSAH HOFFMAN and entry

15  of an Order for the following relief:

16    1)    For reimbursement of the entire overpayment balance due and owing under the

17  terms of the Policy and the parties agreement;

18    2)    For costs;

19    3)    For pre-judgment interest at the legal rate.

20    4)    For such other and further relief as this Court deems just and proper.

21

22    RIMAC & MARTIN, P.C.

23

24  DATED:  July 29, 2008    By:    **/s/ WILLIAM REILLY**
                                      WILLIAM REILLY
25                                    Attorneys for Defendants
                                      SUTTER HEALTH and UNUM LIFE
26                                    INSURANCE COMPANY OF AMERICA

27

28