Constantin V. Roboostoff (SBN 69328)
**ROBOOSTOFF & KALKIN**
369 Pine Street, Suite 610
San Francisco, CA 94104
Telephone (415) 732-0282
Facsimile (415) 732-0287

Attorneys for plaintiff Sara Hadassah Hoffman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**E-FILING**

| | |
|---|---|
| SARAH HADASSAH HOFFMAN, ) | Case No.  CV 08 1811 CRB |
| ) | |
| Plaintiff, ) | **REPLY TO COUNTER-CLAIM** |
| ) | **BY PLAINTIFF SARAH** |
| v. ) | **HADASSAH HOFFMAN** |
| ) | |
| SUTTER HEALTH, ) | |
| UNUM LIFE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

COMES NOW plaintiff Sarah Hadassah Hoffman ("plaintiff") and in reply to Defendants' Counter-Claim For Breach of Contract ("defendants' counter-claim"), responds, states, and avers as follows:

1.     Answering paragraph 1 of defendants' counter-claim, plaintiff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph.

2.     Answering paragraph 2 of defendants' counter-claim, plaintiff admits that she currently is, and at all relevant times was, a resident of California.

3.     Answering paragraph 3 of defendants' counter-claim, plaintiff admits that she was a participant in defendant Sutter Health ("the Plan").  Saving and except as expressly admitted

---

Plaintiff's Reply To Defendants' Counter-Claim
Case No. CV 08 1811 CRB                                              1

herein, plaintiff denies each and every remaining allegation contained in paragraph 3 of defendants' counter-claim.

4. Answering paragraphs 4, 5, 6, 7, and 8 of defendants' counter-claim, plaintiff admits that she was a participant under the Plan subject to the terms, conditions, provisions, limitations and exclusions of that Plan; that she made a claim for benefits under the Plan; that benefits were paid to her and that her claim for further benefits was denied; that she has received Social Security disability benefits; and that she has not made any reimbursement to defendants. Further, plaintiff states that this Court's review on this ERISA claim is limited to the administrative record of plaintiff's claim, all relevant facts are stated in the administrative record and the administrative record and Plan speak for themselves. Further, plaintiff states that defendants set forth purported legal conclusions, not factual allegations. Plaintiff refers all questions of law to the Court. Save and except as expressly admitted herein, plaintiff denies each and every remaining allegation contained in paragraphs 4, 5, 6, 7, and 8 of defendants' counter-claim.

## FIRST COUNTER CLAIM FOR RELIEF

### Breach of Contract

5. Answering paragraph 10 of defendants' counter-claim, plaintiff incorporates by reference paragraphs 1 through 4 above as though fully set forth herein.

6. Answering paragraphs 11, 12, and 13 of defendants' counter-claim, plaintiff incorporates by reference paragraph 4 above as though fully set forth herein.

7. Answering defendants' prayer for relief, plaintiff denies each and every allegation contained in that paragraph. Further, plaintiff denies that defendants have been damaged in the amount alleged, in any amount, or at all, and further denies that defendants are entitled to any relief whatsoever.

//

Plaintiff's Reply To Defendants' Counter-Claim
Case No. CV 08 1811 CRB                    2

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendants' purported claims for relief fail to state facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendants' claims against plaintiff arise solely under ERISA. Therefore, defendants' rights and remedies are limited solely to those afforded under ERISA.

### THIRD AFFIRMATIVE DEFENSE

3. Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants' claims are barred, in whole or in part, to the extent that defendants have failed to perform all of their obligations under the Plan at issue.

### FIFTH AFFIRMATIVE DEFENSE

5. Any alleged damage suffered by defendants was in no way caused by, or the result of, any fault, act or omission by plaintiff, but was caused by circumstances, persons, and/or entities, including defendants, for which and/or whom plaintiff is not and may not be held responsible, and for which plaintiff cannot be held liable.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendants' conduct bars, estops and/or constitutes a waiver of the claims asserted in defendants' counter-claim.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff alleges that defendants are not entitled to reimbursement under the Plan. However, in the event that defendants are found to be entitled to reimbursement under the Plan, plaintiff alleges that the amount owed to defendants must be reduced in conformance with the

Plaintiff's Reply To Defendants' Counter-Claim
Case No. CV 08 1811 CRB                        3

1  provisions of California Civil Code §3040 due to the "savings clause" in ERISA's preemptions
2  provision, 29 U.S.C. §1144.
3     Plaintiff reserves the right to assert additional affirmative defenses should they become
4  aware of additional defenses during the course of this litigation, as set forth in Federal Rules of
5  Civil Procedure, Rule 8.
6     **WHEREFOR**, plaintiff prays for judgment as follows:
7     1.   That defendants take nothing by reason of their counter-claim;
8     2.   For plaintiff's attorneys' fees and costs of suit incurred herein; and,
9     3.   For such other and further relief as the Court deems just and proper.

Dated: August 12, 2008                     ROBOOSTOFF & KALKIN

                              By: /s/ **Constantin V. Roboostoff**
                                  Constantin V. Roboostoff
                                  Attorneys for Plaintiff
                                  Sarah Hadassah Hoffman

---

Plaintiff's Reply To Defendants' Counter-Claim
Case No. CV 08 1811 CRB                                  4